George M. Kraw (California Bar No. 71551)
Donna L. Kirchner (California Bar No. 138320)
Katherine McDonough (California Bar No. 241426)
KRAW AND KRAW LAW GROUP
605 Ellis Street, Suite 200
Mountain View, CA 94043
Telephone: (650) 314-7800
Facsimile: (650) 314-7899
gkraw@kraw.com
dkirchner@kraw.com
kmcdonough@kraw.com

Counsel for Plaintiffs
Resilient Floor Covering Pension Fund Board of Trustees, and
Resilient Floor Covering Pension Fund

UNITED STATES DISTRI4CT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE RESILIENT FLOOR COVERING PENSION FUND and RESILIENT FLOOR COVERING PENSION FUND<br><br>          Plaintiffs,<br><br>     v.<br><br>FRONT RANGE FINISHES, LLC,<br><br>          Defendant. | Case No.:<br><br>**COMPLAINT** |

1.      This is an action to collect a sum of withdrawal liability that Defendant owes to Plaintiff Resilient Floor Covering Pension Fund.  This action is brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq., as amended by the Multiemployer Pension Plan Amendments Act of 19880 (hereinafter "ERISA").

**JURISDICTION AND VENUE**

2.      The Court has jurisdiction of this action pursuant to 29 U.S.C. §§ 1132, 1399, 1401 & 1451(c) and 28 U.S.C. § 1331 & 1337.

3.      Venue is proper in this Court pursuant to 29 U.S.C. § 1451(d) because the Pension

Fund is administered in this District.

## INTRA-DISTRICT ASSIGNMENT

4. Pursuant to Civil L.R. 3-2 (c) & (d), assignment to the San Francisco / Oakland Division is appropriate because the Pension Fund is administered in Alameda County.

## PARTIES

5. Plaintiff Resilient Floor Covering Pension Trust Fund (the "Pension Fund") is a multiemployer pension plan within the meaning of 29 U.S.C. § 1002(37) and 29 U.S.C. § 1301(a)(3).

6. Plaintiff Board of Trustees of the Resilient Floor Covering Pension Trust Fund is the Plan Sponsor of the Pension Fund within the meaning of 29 U.S.C. § 1002 (16)(B)(iii) and 29 U.S.C. § 1301(a)(3), and the members of the Plaintiff Board of Trustees are fiduciaries within the meaning of 29 U.S.C. § 1002(21)(A) and 29 U.S.C. § 1301(a)(3).

7. Plaintiffs maintain their principal place of business in Alameda, California.

8. Plaintiffs bring this action on behalf of themselves and plan participants and beneficiaries pursuant to 29 U.S.C. §§ 1132, 1145, 1401(d) and 1451.

9. Defendant Front Range Finishes, LLC ("Front Range") is a Colorado Limited Liability Company. As alleged more fully below, Front Range is a controlled group member of Alpine Design Interiors, Inc. ("Alpine Design"), which was a Colorado Corporation.

## FACTUAL ALLEGATIONS

10. Until on or about May 1, 2009, Alpine Design was a participating employer in the Pension Fund. On or about May 1, 2009, Alpine Design withdrew from participation in the Pension Fund, ceased to contribute to the Pension Fund with respect to the work of employees covered by the Pension Fund, and completely withdrew from the Pension Fund within the meaning of ERISA (29 U.S.C. § 1381 et. seq.).

11. As a result of that complete withdrawal, Alpine Design was liable for withdrawal liability, as required by ERISA.

12. Plaintiffs made a determination of the amount of Alpine Design's withdrawal liability in compliance with all the statutory requirements and the rules of the Pension Fund. Plaintiffs assessed withdrawal liability against Alpine Design in the amount of $216,405.00. By letter dated

1  August 9, 2009, pursuant to ERISA (29 U.S.C. § 1399), Plaintiffs notified Alpine Design of the
2  assessment and demanded payment thereof on the schedule set by Plaintiffs.

3      13.    Alpine Design did not make any payments under the August 2009 assessment. As a
4  result, Plaintiffs filed an action in this court (Case No. C10-0730 EDL) to collect the delinquent
5  withdrawal liability. Ultimately the parties reached a settlement, pursuant to which the parties
6  submitted to this Court, and this Court entered, a stipulated judgment (the "Stipulated Judgment").
7  (*See*, Case No. C10-0730 at docket no. 16.)

8      14.    The Stipulated Judgment provided, among other things, that other than two quarterly
9  payments of the withdrawal liability, no further payments of the withdrawal liability would be due if
10 Alpine Design reentered the Pension Fund and satisfied the requirements for abatement under 29
11 C.F.R. § 4207.5 for three consecutive twelve month periods following the date of execution of a new
12 collective bargaining agreement. The Stipulated Judgment further provided that, in the event that
13 Alpine Design failed to satisfy the abatement requirements in the third twelve month period, then the
14 Pension Fund would have the option of assessing withdrawal liability against Alpine Design at the
15 greater of (a) $108,204.50 (less any payments received) plus interest or (b) the withdrawal liability
16 calculated as if Alpine Design withdrew on the date it failed to satisfy the abatement requirements.
17 The Stipulated Judgment further provided that, in the event that Alpine Design failed to pay any such
18 withdrawal liability as assessed under (a) or (b), then the Pension Fund would be entitled to seek an
19 additional amount of interest, liquidated damages, and attorney's fees and costs, in accordance with
20 ERISA.

21     15.    Alpine Design executed a new collective bargaining agreement on August 22, 2010.
22 Thus, the three consecutive twelve month periods commenced on August 22, 2010. Alpine Design
23 failed to satisfy the abatement requirements under 29 C.F.R. § 4207.5 in the third twelve month
24 period, which ended on August 22, 2013. Thus, the Pension Fund had the option to assess
25 withdrawal liability against Alpine Design at the greater of (a) $108,204.50 (less any payments
26 received) plus interest or (b) the withdrawal liability calculated as if Alpine Design withdrew on the
27 date it failed to satisfy the abatement requirements in 2013.

28     16.    Because Front Range has at all relevant times been wholly owned by the spouse of the

1  owner of Alpine Design, Front Range is a controlled group member of Alpine Design.  *See, e.g., Bd.*
2  *of Trustees of W. Conference of Teamsters Pension Trust Fund v. Lafrenz*, 837 F.2d 892, 894 (9th
3  Cir. 1988).

4        17.    On or about October 9, 2014, the Pension Fund assessed withdrawal liability against
5  Alpine Design and Front Range in the amount of  $660,055.00.  By letter dated October 9, 2014, the
6  Pension Fund duly notified both Alpine Design and Front Range of the withdrawal liability and the
7  Pension Fund's determination that Front Range is a controlled group member of Alpine Design, and
8  made a demand for payment.  The letter also indicated that payments of $11,789 are due by the end
9  of December, March, June, and September, of each year until the balance is paid in full.  The letter
10 was received by Front Range.

11       18.    On or about December 15, 2014, Front Range initiated arbitration pursuant to 29
12 U.S.C. § 1401(a).  That arbitration is ongoing.

**STATEMENT OF CLAIM**
(Interim Withdrawal Liability Payments)

15       19.    Plaintiffs hereby incorporate by reference each allegation contained in Paragraphs 1
16 through 18 as fully set forth here.

17       20.    By virtue of the Stipulated Judgment and Front Range's failure to satisfy the
18 requirements for abatement during the third twelve month period, as set forth above, Alpine Design
19 is deemed to have withdrawn in 2013.

20       21.    As a result of Alpine Design's complete withdrawal from the Pension Fund, Alpine
21 Design and all trades or businesses under common control with it are jointly and severally liable for
22 the withdrawal liability assessed by Plaintiffs, on the schedule set by Plaintiffs, as required by the
23 Pension Fund's trust document and by ERISA.  *See*, 29 U.S.C. §§ 1301(b) and 1381(a).

24       22.    According to ERISA's "pay now, dispute later" rule, found in 29 U.S.C. §§ 1399 and
25 1401, Defendant has an ongoing obligation to make withdrawal liability payments pending
26 resolution of any disputes, including during the currently pending arbitration.  (ERISA provides for
27 reimbursement to an employer of any amounts an arbitrator ultimately determines were not due to a
28 pension fund, plus interest.)

23. To date, Alpine Design and all trades or businesses under common control with it, including Front Range, have failed and refused to make the interim withdrawal liability payments required by ERISA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

1. Injunctive relief requiring Defendant to make interim withdrawal liability payments in accordance with the schedule set forth in the Pension Fund's letter of October 9, 2014.
2. Interest, liquidated damages, attorney's fees and costs pursuant to ERISA.
3. Such other legal and equitable relief as this Court may deem appropriate.

Dated:   December __3__ , 2015          KRAW & KRAW LAW GROUP


　　　　　　　　　　　　　　　　　　　　___/s/ Donna Kirchner_____
　　　　　　　　　　　　　　　　　　　　Donna L. Kirchner, Esq.

　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs